Filed 6/7/24  Rainier v. Paradise Chevrolet Cadillac CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| STEPHEN D. RAINIER, | |
| Plaintiff and Respondent, | E079647, E080308 |
| v. | (Super.Ct.No. CVRI2202077) |
| PARADISE CHEVROLET CADILLAC, | OPINION |
| Defendant and Appellant. | |

CONSOLIDATED APPEALS from orders of the Superior Court of Riverside County.  Craig Riemer and Angel M. Bermudez, Judges.  Affirmed.

Fine, Boggs & Perkins, John P. Boggs, David J. Reese and William D. Wheelock for Defendant and Appellant.

Bibiyan Law Group, David D. Bibiyan and Henry G. Glitz for Plaintiff and Respondent.

Defendant and appellant Paradise Chevrolet Cadillac (Paradise) appeals the denial of its petitions to compel arbitration.  Plaintiff and respondent Stephen D. Rainier filed

1

two complaints against Paradise asserting individual and putative class claims for wage and hour claims in violation of the Labor Code (hereinafter, *Rainier I*), and Private Attorneys General Act of 2004 (PAGA) claims based on the same Labor Code violations (*Rainier II*).

Paradise filed its first petition to compel[1] arbitration of the claims in *Rainier I* pursuant to the arbitration clause in the "EMPLOYEE ACKNOWLEDGEMENT AND AGREEMENT" (EAA) signed by Rainier at the time of his employment. The trial court denied the petition to compel arbitration finding that there were two unconscionable provisions in the arbitration clause and that these provisions could not be severed from the EAA. Paradise filed a second petition to compel arbitration of the PAGA claims. Relying on the findings in *Rainier I*, the trial court denied the petition to compel arbitration in *Rainier II*.

In this appeal, Paradise claims the trial court erred by denying the petition to compel arbitration in *Rainier I* by finding there were two unconscionable provisions in the arbitration agreement in the EAA. Paradise insists there was only one unconscionable provision, which could have been severed to keep the arbitration provisions, and the trial court further erred by adopting the same findings in *Rainier II*. We disagree and affirm.

---

[1] Although Paradise filed a petition to compel arbitration, since Rainier had commenced his lawsuit it was properly referred to as a motion to compel arbitration. The term petition has been construed in practice to include the term motion. (*Mercury Ins. Group v. Superior Court* (1998) 19 Cal.4th 332, 349.)

## FACTUAL AND PROCEDURAL HISTORY

### A.     *RAINIER I*:  COMPLAINT

Rainier filed his class action complaint against Paradise in *Rainier I* on May 24, 2022.  He identified the class as any current or former nonexempt California employees employed by or formerly employed by Paradise.  He alleged that Paradise had violated numerous wage and hour laws in the prior four years, which impacted him and the class.

### B.     *RAINIER I*:  FIRST PETITION TO COMPEL ARBITRATION

Paradise filed a petition to compel arbitration in *Rainier I* (First Petition).  Paradise provided that Rainier was employed at its automobile dealership in Escondido from August 2, 2001, until May 2021.  He signed the EAA on August 2, 2001.  The EAA was signed by all employees.  The EAA had a binding arbitration clause.  Paradise alleged that all of the causes of action were covered by the arbitration clause in the EAA signed by Rainier.  Paradise argued that the EAA did not provide for class-action arbitration.  As such, the trial court should dismiss Rainier's class action claims and send the matter to binding, individual arbitration.

Attached to the First Petition was a portion of the EAA.  The EAA included language that it superseded any prior agreements, understandings, or representations.  It also provided the following language:  "I further agree that except for exclusively monetary claims of less than $5,000.00, I agree that any claim, dispute, or controversy (including, but not limited to, any and all claims of discrimination and harassment) which would otherwise require or allow resort to any court or other governmental dispute resolution forum between myself and the Dealership (or its owners, directors, and

3

officers, employees, agents and parties affiliated with its employee benefit and health plans) arising from, related to, or having any relationship or connection whatsoever with my seeking employment with, employment by, or other association with, the Dealership, whether based on tort, contract, statutory, or equitable law, or otherwise, shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act, in conformity with the procedures of the California Arbitration Act."

The EAA also contained the following language: "Awards exceeding $50,000.00 shall include the arbitrator's written reasoned opinion and, at either party's written request within 10 days after issuance of the award, shall be subject to reversal and remand, modification, or reduction following review of the record and arguments of the parties by a second arbitrator who shall, as far as practicable, proceed according to the law and procedures applicable to appellate review by the California Court of Appeal of a civil judgment following court trial. I understand by agreeing to this binding arbitration provision, both I and the Dealership give up our rights to trial by jury." Directly above Rainier's signature were the sentences, "**MY SIGNATURE BELOW ATTESTS TO THE FACT THAT I HAVE READ, UNDERSTAND, AND AGREE TO BE LEGALLY BOUND TO ALL OF THE ABOVE TERMS. [¶] DO NOT SIGN UNTIL YOU HAVE READ THE ABOVE ACKNOWLEDGEMENT AND AGREEMENT**."

C.      *RAINIER I*: OPPOSITION TO FIRST PETITION AND REPLY

Rainier filed opposition to the First Petition. Rainier contended that the arbitration agreement violated the California Supreme Court's requirement in *Armendariz v.*

4

*Foundation Health Psychcare Services Inc.* (2000) 24 Cal.4th 83 (*Armendariz*) that an arbitration agreement must provide for a written award in all cases. The provision in the EAA only provided for a written award for awards exceeding $50,000. In addition, although it provided that both parties were entitled to appeal an award to a second arbitrator, it was restricted to only those awards that exceeded $50,000. Paradise had reserved for itself an opportunity to overturn a "sizeable" award made against it, which was a "hallmark of unconscionability." Rainier insisted that the EAA was "rife with procedural and substantive unconscionability."

Rainier alleged the EAA was oppressive and had been given to him on a take-it-or-leave-it basis. He was given no choice but to sign the EAA if he wanted the job. Rainier alleged that the arbitration clause was hidden within 40 pages of the employee handbook. The arbitration agreement was procedurally unconscionable.

Rainier argued that portions of the arbitration clause were substantively unconscionable. Rainier referred to *Little v. Auto Stiegler, Inc.* (2003) 29 Cal.4th 1064 (*Little*), which contained a similar clause as that contained in the EAA; the court in *Little* found the restriction on the ability to appeal to be substantively unconscionable. Rainier complained that a written award was only necessitated when an award exceeded $50,000. The lack of a written award under $50,000 violated *Armendariz*.

Rainier further argued that the unconscionable provisions could not be severed and the remainder of the arbitration clause in the EAA enforced. The arbitration agreement "permeated" the employment relationship and should not be enforced. The interests of justice would not be served by severance.

5

Rainier submitted his own declaration in support of the opposition to the First Petition. Rainier reported for his first day of work on August 2, 2001. He was sent to human resources where he was given an employee handbook and numerous documents to sign. He was not given an opportunity to review all of the documents or consult an attorney. He was not given a copy of the documents. He did not recall being told about the arbitration clause in the EAA. He quickly signed the documents so he could start his work. He would not have taken the job if he knew he was giving up his right to file a class action claim and his right to a jury.

Paradise filed a reply to the opposition to the First Petition. Paradise contended that the burden to show that the arbitration clause in the EAA was not enforceable was on Rainier. Rainier could not prove that he was unaware of the arbitration provision. He signed under the bold and capitalized provision that he had read and understood the EAA in its entirety and was bound by its provisions. Further, any reference to the $50,000 could be easily amended or subject to severance.

Paradise argued that the EAA should not be read to only require written awards for those awards over $50,000. Even if it was read in this manner, the trial court could excise this portion to provide that written awards were required for all awards. Further, as for the portion of the arbitration clause regarding appealing the arbitration award of $50,000 or more, this was the same clause as was in *Little*. As in *Little*, severance was the appropriate remedy. Finally, the provision that claims less than $5,000 were exempted applied to both parties and was not unconscionable, and it was not applicable in the instant case.

6

D.    *RAINIER I*:  RULING ON FIRST PETITION

A telephonic hearing was conducted on August 11, 2022.[2]  According to the minute order, the parties discussed the tentative ruling and counsel presented argument. The trial court[3] first determined that Rainier had signed the EAA.  It found that the EAA was a contract of adhesion "and thus is procedurally unconscionable to a degree."  The trial court then addressed substantive unconscionability.  The trial court noted the elements of a lawful arbitration agreement that were set forth in *Armendariz* and found the arbitration clause in the EAA did not meet its requirements.  The trial court noted there was a concern that there was only a requirement for a written opinion in awards over $50,000.  The trial court found that the provision could not be severed from the EAA as there would be no requirement for a written opinion.

The trial court also addressed that the right to appeal was limited to awards above $50,000.  The employer had the right to appeal to another arbitrator for higher awards but employees could not appeal lower awards.  The provision lacked mutuality.  This was identical to the provision in *Little*, which was found unconscionable.  The trial court then addressed whether the appellate arbitration provision could be severed from the EAA. The trial court found it could not be severed.  It stated, "Severance is not available when there are multiple provisions that violate California law.  [Citation.]  In *Little*, only the

_____

[2] This court has not been provided a reporter's transcript for the hearing held on August 11, 2022.  The parties chose to proceed on appeal without the reporter's transcript.

[3] *Rainier I* was heard before the Honorable Craig Riemer.

7

appellate provision was at issue. Here, the plaintiff correctly challenges both that provision and the provision that limits written decisions to awards over $50,000. Therefore, the Court is not persuaded that severance is appropriate."

On August 18, 2022, Paradise filed a notice of appeal from the order denying the First Petition.

E. *RAINIER II*

Prior to the trial court ruling on the First Petition, Rainier filed his second complaint against Paradise. The second complaint was brought on behalf of himself and other aggrieved employees and raised PAGA claims based on the same Labor Code violations that had been alleged in the first complaint. Rainier insisted that he and other aggrieved employees had been employed by Paradise and suffered one or more Labor Code violations during their employment. These Labor Code violations included but were not limited to, failure to pay overtime and minimum wages, provide break and rest periods, and failed to pay for vacation time.

Paradise filed a petition to compel arbitration of the PAGA claims in the second complaint (Second Petition). For the first time, Paradise provided that in addition to the EAA, Rainier also signed an application statement and agreement on July 3, 2001 (Application). In the Application, there was a provision that notified employees that Paradise utilized a system of alternative dispute resolution, which involved binding arbitration to resolve all disputes "which may arise out of the employment context." It included that arbitration would be controlled by the Federal Arbitration Act. It also

8

included the same language about written opinions on awards and the rules for appeal but did not contain the $50,000 limit.

Paradise argued that Rainier's individual PAGA claims had to be resolved by binding arbitration. They further argued that Rainier had no "statutory standing" to continue to maintain any non-individual PAGA claims. Paradise referred to *Little* and insisted that it had nearly identical language to that included in the EAA. In *Little*, the arbitration provision contained the same $50,000 threshold for appeals that was severed by the *Little* court but the remainder of the arbitration agreement was enforced. Paradise insisted that the "exceeding $50,000" provision could be severed as was done in *Little*. The remainder of the arbitration agreement would be enforceable. Paradise also contended that if the arbitration agreement in the EAA was found to be unconscionable, the arbitration agreement in the Application would be enforceable.

Rainier filed opposition to the Second Petition. Rainier argued that the trial court had already determined that the arbitration clause in the EAA was unconscionable and not enforceable. Paradise could not relitigate the matter. Further, the trial court should conclude that the arbitration clause in the EAA was clearly procedurally and substantively unconscionable. There were numerous unconscionable provisions that could not be severed. Moreover, Paradise could not rely on the Application as it was not brought to the trial court's attention in the First Petition. Further, the EAA superseded the Application.

Paradise filed a reply to the opposition to the Second Petition. Rainier did not deny that he signed both the Application and the EAA. Paradise insisted that since

*Rainier I* was currently on appeal, it was not binding on the trial court in deciding *Rainier II*. Further, *Rainier I* was based solely on the arbitration clause in the EAA, and the trial court did not consider the Application. The trial court must consider the enforceability of the Application arbitration clause. There was nothing in the arbitration clause contained in the Application that should be considered substantively unconscionable.

The Second Petition was heard on November 22, 2022.[4] The parties provided argument and the trial court issued a written ruling. The trial court found that it was not "in a position to perform the functional equivalent of reconsidering its previous order regarding severance." The trial court then adopted the reasoning by Judge Riemer in denying the Second Petition. In addition, the trial court found that enforcing the arbitration clause in the Application "would have the effect of just severing the offending clauses from the agreement Judge Riemer found to be unconscionable." The trial court declined to enforce the Application.

On November 30, 2022, Paradise filed a notice of appeal from the order denying the Second Petition.

## DISCUSSION

Paradise insists its First and Second Motions should not have been denied as any unconscionable provisions in the arbitration clause could have been severed from the EAA. Specifically, the California Supreme Court in *Little* severed an almost identical provision from an arbitration clause but enforced the remainder of the arbitration

---

[4] *Rainier II* was heard before the Honorable Angel Bermudez.

10

agreement. Paradise insists the same result is necessary in this case. Rainier responds that the California Supreme Court in *Little* only addressed the provision limiting appeals to a $50,000 threshold. The court did not consider in its opinion the limitation on written opinions. Since in this case there are multiple unconscionable provisions, severance was not appropriate. Finally, Paradise contends that if this court concludes that the trial court properly determined that the arbitration clause in the EAA cannot be enforced, this court should enforce the arbitration clause in the Application.

A.      <u>UNCONSCIONABILITY OF THE ARBITRATION CLAUSE IN THE EAA</u>

An agreement to submit disputes to arbitration "is valid, enforceable and irrevocable, save upon such grounds as exist for the revocation of any contract." (*OTO, L.L.C. v. Kho* (2019) 8 Cal.5th 111, 125 (*OTO*).) The *Armendariz* court set forth the five minimum requirements for a lawful arbitration clause pursuant to a mandatory employment arbitration agreement. An agreement is lawful if it "(1) provides for neutral arbitrators, (2) provides for more than minimal discovery, (3) requires a written award, (4) provides for all of the types of relief that would otherwise be available in court, and (5) does not require employees to pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum." (*Armendariz, supra*, 24 Cal.4th at p. 102.)

"The general principles of unconscionability are well established. A contract is unconscionable if one of the parties lacked a meaningful choice in deciding whether to agree and the contract contains terms that are unreasonably favorable to the other party.

11

[Citation.] Under this standard, the unconscionability doctrine ' "has both a procedural and a substantive element." ' " (*OTO*, *supra*, 8 Cal.5th at p. 125.) " 'The procedural element addresses the circumstances of contract negotiation and formation, focusing on oppression or surprise due to unequal bargaining power. [Citations.] Substantive unconscionability pertains to the fairness of an agreement's actual terms and to assessments of whether they are overly harsh or one-sided.' " (*Ibid*.)

"An adhesive contract is standardized, generally on a preprinted form, and offered by the party with superior bargaining power 'on a take-it-or-leave-it basis.' " (*OTO*, *supra*, 8 Cal.5th at p. 126.) An arbitration agreement is an adhesion contract if it is a mandatory condition of employment. (*Mills v. Facility Solutions Group, Inc.* (2022) 84 Cal.App.5th 1035, 1051.) "However, the fact that the arbitration agreement is an adhesion contract does not render it automatically unenforceable as unconscionable. Courts have consistently held that the requirement to enter into an arbitration agreement is not a bar to its enforcement." (*Serafin v. Balco Properties Ltd., LLC* (2015) 235 Cal.App.4th 165, 179.)

Here, the trial court found in *Rainier I* that the EAA was a contract of adhesion and was "procedurally unconscionable to a degree." Paradise does not appear to contend that this was an erroneous conclusion, only that it was a "low degree of procedural unconscionability." "[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." (*Armendariz, supra,* 24 Cal.4th at p. 114.) Here,

the trial court considered the low degree of procedural unconscionability, and then properly considered it in contrast to the substantive unconscionability.

As for substantive unconscionability, Paradise concedes that the arbitral appeal provision—the portion of the arbitration clause that provided for an appeal to a second arbitrator only for awards involving $50,000 or more—was substantively unconscionable based on the opinion in *Little*, *supra*, 29 Cal.4th 1064. However, Paradise insists that the trial court erred by concluding that the same provision severed in *Little*, which the California Supreme Court considered a single provision, was two provisions as follows: (1) the $50,000 threshold for appealing to a second arbitrator; and (2) a $50,000 threshold for a written opinion. Paradise insists that the trial court erred by finding two provisions, by refusing to sever the provisions and not enforcing the remainder of the arbitration clause in the EAA.

"[T]he core concern of the unconscionability doctrine is the ' " ' absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party.' " ' " (*Sonic-Calabasas A, Inc. v. Moreno* (2013) 57 Cal.4th 1109, 1145.) "The unconscionability doctrine ensures that contracts, particularly contracts of adhesion, do not impose terms that have been variously described" as overly harsh, unduly oppressive, so one-sided as to shock the conscience or unfairly one-sided. (*Ibid.*) "In reviewing a finding of unconscionability, we apply a de novo standard of review when, as here, there is no disputed extrinsic evidence." (*Tiri v. Lucky Chances, Inc.* (2014) 226 Cal.App.4th 231, 243.)

13

In *Little*, *supra*, 29 Cal.4th 1064, the plaintiff worked for the defendant, an automobile dealership, as a service manager. The plaintiff was terminated and filed legal action claiming wrongful termination. (*Id.* at p. 1069.) The defendant's motion to compel arbitration was denied and it filed an appeal. The California Supreme Court granted review to consider if the arbitration clause was unconscionable. The court focused on a provision substantially similar to the one involved in this case. That provision provided, "[a]wards exceeding $50,000.00 shall include the arbitrator's written reasoned opinion and, at either party's written request within 20 days after issuance of the award, shall be subject to reversal and remand, modification, or reduction following review of the record and arguments of the parties by a second arbitrator who shall, as far as practicable, proceed according to the law and procedures applicable to appellate review by the California Court of Appeal of a civil judgment following court trial." (*Id.* at p. 1071.)

The *Little* court addressed the $50,000 threshold for appeals. The *Little* court explained that the $50,000 threshold "inordinately benefits defendants" because the employer would be more likely to appeal a substantial award, but an employee would be more likely to appeal an award of no damages. The court determined that the provision was "unconscionably one-sided" because it prevented appeals of potentially substantial claims brought by a plaintiff where the arbitration award was below the $50,000 threshold. (*Little*, *supra*, 29 Cal.4th at pp. 1073-1074.) It did not address whether it was also unconscionable based on a written opinion being required only if the threshold exceeded $50,000.

14

First, as in *Little*, the arbitration clause here only allowed for appeal to a second arbitrator if the threshold award was over $50,000. The provision was "unconscionably one-sided" as the court found in *Little.*

Second, the trial court found that the provision also restricted a written opinion to awards that exceeded $50,000. Rainier was entitled to a written opinion as set forth in *Almendariz* so that he could seek adequate review of any arbitration award regardless of the amount awarded. Rainier was likely to be the only party who would appeal a lower award. This provision was one-sided, similar to the appellate provision. The provision as written in the EAA was reasonably interpreted to restrict both the right to appeal and the right to a written opinion. The trial court properly determined that this constituted two provisions that were substantively unconscionable.

B.     SEVERABILITY

Civil Code section 1670.5, subdivision (a), provides, "If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result." "An unconscionable contractual term may be severed and the resulting agreement enforced, unless the agreement is permeated by an unlawful purpose, or severance would require a court to augment the agreement with additional terms." (*Penilla v. Westmont Corp.* (2016) 3 Cal.App.5th 205, 223.) " 'The overarching inquiry is whether " ' the interests of

justice . . . would be furthered' " by severance.' " (*Carmona v. Lincoln Millennium Car Wash, Inc.* (2014) 226 Cal.App.4th 74, 90.)

"When an arbitration agreement contains multiple unconscionable provisions, '[s]uch multiple defects indicate a systematic effort to impose arbitration on an employee not simply as an alternative to litigation, but as an inferior forum that works to the employer's advantage.' [Citation.] Under such circumstances, a trial court does not abuse its discretion in determining the arbitration agreement is permeated by an unlawful purpose." (*Carmona v. Lincoln Millennium Car Wash, Inc.*, *supra*, 226 Cal.App.4th at p. 90; see also *Lange v. Monster Energy Company* (2020) 46 Cal.App.5th 436, 453.)

"We review a trial court's order declining to sever the unconscionable provisions from an arbitration agreement for abuse of discretion." (*Lange v. Monster Energy Company*, *supra*, 46 Cal.App.5th at p. 453; see also *Mills v. Facility Solutions Group, Inc., supra,* 84 Cal.App.5th at p. 1065.)

As indicated, the *Little* court addressed the same provision. It did not address whether there were two unconscionable parts of the arbitration clause as the trial court in this case. Paradise insists that the same result crafted in *Little* is mandated in this case. However, the California Supreme Court in *Little* only addressed the provision that authorized a party to appeal awards exceeding $50,000.[5] (*Little*, *supra*, 29 Cal.4th at p.

---

**5** We also note that the court in *Little* did not specify what portion of the arbitration clause would in fact need to be severed. The court generally stated that the "arbitration agreement is valid and enforceable once the unconscionable appellate arbitration provision is deleted." (*Little*, *supra*, 29 Cal.4th at pp. 1076.) In its disposition, it did not specify the words of the arbitration clause that were to be deleted.

*[footnote continued on next page]*

1073.)  It did not address that if the provision was severed in its entirety there would be no provision requiring a written reasoned opinion on an arbitration award.  Such written opinion is required under *Armendariz.*  In this case, if the provision was severed it would eliminate the requirement of a written opinion on the award.  The court would have to resort to augmenting the agreement with additional terms and "Civil Code section 1670.5 does not authorize such reformation by augmentation, nor does the arbitration statute." (*Id.* at p. 1075.)

Paradise insists that the language in the EAA that the resolution of the dispute requires that "resolution of the dispute shall be based solely upon the law governing the claims and defenses pled, and the arbitrator may not invoke any basis other than such controlling law" would provide for a written opinion.  Paradise points to the current law in Code of Civil Procedure section 1283.4, which provides an award shall be in writing and signed by the arbitrator.  However, this provision in the arbitration clause of the EAA does not provide that the arbitrator follow the law *governing arbitration*.  This provision is properly read as requiring that the arbitrator apply the law as it relates to the claims in the lawsuit.  It does not substitute for the requirement in *Armendariz* that the arbitration agreement provide for a written opinion on an award and Paradise provides no legal authority for such conclusion.

---

(*Id.* at p. 1085.)  As such, it is not entirely clear as to what portion of the arbitration clause was actually severed in *Little.*  Nonetheless, *Little* did not consider the written opinion part of the arbitration clause and cases are not authority for propositions not considered.  (*Amwest Surety Ins. Co. v. Wilson* (1995) 11 Cal.4th 1243, 1268.)

17

The standard of review for severing unconscionable provisions is not whether this court would have severed the provisions but whether the trial court's decision not to sever the provision was an abuse of discretion. The trial court here was concerned that there would be no provision for a written opinion on the arbitration award if the offending provision was severed from the EAA. Such a conclusion was not an abuse of the trial court's discretion.

Finally, in a one-paragraph statement, Paradise insists that if this court finds that the arbitration clause in the EAA is not enforceable, this court should find that the Application is controlling of the issue. Paradise cites to only federal court opinions to support its claim. We are not bound by this federal authority. (See *Pacific Short Funding v. Lozo* (2006) 138 Cal.App.4th 1342, 1352.) Further, there was language in the EAA that the agreement "supersedes all prior agreements, understandings and representations (whether written or oral) concerning my employment with the dealership." Enforcement of the Application would be in direct conflict with this provision providing that only the EAA is applicable to Rainier's employment. The only provision in the EAA that was unconscionable was the arbitration clause and the remainder of the EAA was enforceable. The trial court did not abuse its discretion by refusing in *Rainier II* to enforce the arbitration agreement in the Application.

The trial court evaluated the arbitration clause in the EAA in *Rainier I* considering *Little* and *Armendariz*. It concluded there were multiple provisions that were unconscionable, and in its discretion, concluded that severance was not appropriate. It

18

properly denied the First Petition. The trial court in *Rainier II* properly followed this conclusion and did not abuse its discretion by denying the Second Petition.

## DISPOSITION

The orders are affirmed in full.  Rainier is awarded his costs on appeal as the prevailing party.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

FIELDS
J.

MENETREZ
J.

19